**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Armida Guzman

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**ARMIDA GUZMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**SOLARCITY CORPORATION,**

Defendant.

**Case No.:**

**CLASS ACTION**

**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**

**(1) CALIFORNIA CIVIL CODE §§ 1632, ET SEQ.; AND,**

**(2) CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.**

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## INTRODUCTION

1. Plaintiff ARMIDA GUZMAN ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive business practices of SOLARCITY CORPORATION ("Defendant") with regard to Defendant's practice of utilizing misleading representations regarding the quality of Defendant's goods and requiring non-English speaking consumers to sign contracts in English in violation of the California Translation Act, California Civil Code §§ 1632, et seq. ("CTA"); and, California's Unfair Competition Law, California Business & Professions Code §§ 17200, et seq. (the "UCL").

2. This Action seeks to enjoin Defendant's practices of unlawfully forcing California consumers to enter into contracts that are not drafted in a language known by the consumer.

3. Defendant's conduct is a scheme carried out by Defendant which involves making significant amounts of money from California consumers through false, deceptive, and misleading means throughout the period covered by the applicable statute of limitations.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class, which will result in the class members belonging to a different state than that of Defendant. Plaintiff also seeks restitution which when aggregated among a proposed class numbering in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

9. This action arises out of Defendant's violations of California Translation Act, California Civil Code §§ 1632, et seq. ("CTA"); and, California's Unfair Competition Law, California Business & Professions Code §§ 17200, et seq. (the "UCL").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Santa Barbara, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and is located within this judicial district as well.

## PARTIES

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Santa Maria, County of Santa Barbara, State of California.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

13. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of California.

## FACTUAL ALLEGATIONS

14. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. At all times relevant, Defendant made and continues to make marketing efforts to solicit the business of California consumers.

16. In or about April 2015, Defendant initiated such solicitation efforts in person at Plaintiff's residence.

17. Since Plaintiff solely speaks Spanish, the negotiation between Plaintiff and Defendant was conducted solely in Spanish.

18. During the course of these negotiations, Defendant represented to Plaintiff that Plaintiff's energy bill would decrease if Defendant installed solar panels at Plaintiff's residence.

19. Following the conclusion of said negotiations, Defendant required Plaintiff to sign an English-language contract.

20. Plaintiff protested signing such a contract since Plaintiff only spoke Spanish.

21. Defendant neither provided Plaintiff a Spanish translation of the contract nor did Defendant mail a Spanish translation of the contract to Plaintiff at any time thereafter.

22. After installation of the solar panels, Plaintiff did not experience any energy savings as promised by Defendant.

23. To the contrary, Plaintiff's electricity has increased each month with the solar panels installed.

24. In failing to provide a Spanish translation of the contract, Defendant violated Cal. Civ. Code § 1632(b).

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

25. As discussed in further detail below, Defendant's misrepresentations as to the quality of Defendant's solar panels also violate the UCL.

## CLASS ALLEGATIONS

26. Plaintiff brings this action on behalf of himself individually, and on behalf of all others similarly situated ("the Class").

27. Plaintiff defines the Class as follows:

> all persons within California who entered into an English-language contract with Defendant for solar panels after negotiating in a language other than English within the four years prior to the filing of this action through the date of filing.

28. Defendant and their employees or agents are excluded from the Class.

29. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

30. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a. Whether Defendant negotiates primarily in Spanish with consumers prior to having said consumers sign an English-language contract;

   b. Whether Defendant negotiates primarily in Chinese with consumers prior to having said consumers sign an English-language contract;

   c. Whether Defendant negotiates primarily in Tagalog with consumers prior to having said consumers sign an English-language contract;

   d. Whether Defendant negotiates primarily in Vietnamese with consumers prior to having said consumers sign an English-language contract;

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

e. Whether Defendant negotiates primarily in Korean with consumers prior to having said consumers sign an English-language contract;

f. Whether Defendant's conduct was willful;

g. Whether Defendant's conduct was negligent;

h. Whether Plaintiff and the Class are entitled to statutory damages;

i. Whether Plaintiff and the Class are entitled to actual damages;

j. Whether Plaintiff and the Class are entitled to the recovery of restitution;

k. Whether Plaintiff and the Class are entitled to injunctive relief;

l. Whether Plaintiff and the Class are entitled to the recovery of attorneys' fees;

m. Whether Plaintiff and the Class are entitled to the recovery of litigation costs; and,

n. Whether Defendant's practices violate California Business and Professions Code § 17200;

o. Whether Defendant's practices are "unlawful" as described by California Business and Professions Code § 17200;

p. Whether Defendant's practices are "unfair" as described by California Business and Professions Code § 17200;

q. Whether Defendant's practices are "fraudulent" as described by California Business and Professions Code § 17200;

r. Whether Defendant should be enjoined from engaging in such conducted in the future.

32. Plaintiff will fairly and adequately protect the interest of the Class.

33. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

34. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving English-language contracts being utilized for non-English speaking consumers.

35. A class action is a superior method for the fair and efficient adjudication of this controversy.

36. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.

37. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small.

38. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the class as a whole.

40. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

41. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## FIRST CAUSE OF ACTION

## VIOLATION OF CAL. CIV. CODE § 1632, ET SEQ.

## [AGAINST ALL DEFENDANTS]

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has engaged in the practice of forcing California consumers, like Plaintiff, to enter into illegal contracts written in a language unknown to said consumers.

44. The foregoing acts and omission constitute numerous and multiple violations of Cal. Civ. Code § 1694, et seq.

45. CTA was enacted in 1976 to increase consumer information and protection for California's sizable and growing Spanish-speaking population. *See* Cal. Civ. Code § 1692(a)(1).

46. The Legislature also determined that California's population has become increasingly diverse and the number of Californians who speak languages other than English as their primary language at home has increased dramatically. Cal. Civ. Code § 1692(a)(2).

47. The Legislature also reviewed the American Community Survey which determined that 15.2 million Californians speak a language other than English at home based upon data collected between 2009 and 2011. Cal. Civ. Code § 1692(a)(3).

48. The five languages other than English that are most widely spoken at home are Spanish, Chinese, Tagalog, Vietnamese, and Korean. *Id.*

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

## [CALIFORNIA'S UNFAIR COMPETITION LAW]

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

51. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

52. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

**"UNLAWFUL" PRONG**

53. As a result of Defendant's acts and practices in CTA violation, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

54. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as providing a Spanish language contract for Plaintiff.

55. Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

**"UNFAIR" PRONG**

56. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to provide a translated

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

contract pursuant to CTA.

57. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

58. Plaintiff could not have reasonably avoided the injury suffered herein. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to require California consumers to enter in contracts that violate CTA and Cal. Bus. & Prof. Code §§ 17200, et seq.

**FRAUDULENT**

59. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

60. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

61. Here, absent a Spanish contract, California consumers were never informed of their rights pursuant to the contract.

62. In addition, Defendant's oral misrepresentations also deceived Plaintiff to believe that Plaintiff would receive a benefit from installing Defendant's solar panels.

63. Despite the passage of time, Plaintiff has received no such benefit from the installation of defendant's solar panels.

64. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff damages against Defendant and relief as follows:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representatives of The Class;
- That Plaintiff's counsel be appointed to represent The Class;
- That the Court find that Plaintiff is entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535;
- That the Court find that Defendant is in possession of money that belongs to Plaintiff and that Defendant has not returned the money;
- An order requiring Defendant to pay restitution to Plaintiff due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of Plaintiff's monthly payments;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and to restore to Plaintiff all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- That Plaintiff and the Class be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and,

- Any and all other relief as this Court may deem necessary or appropriate.

Dated: September 4, 2017 Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

**TRIAL BY JURY**

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Class are entitled to, and demand, a trial by jury.

Dated: September 4, 2017 Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420